```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
                                           :
ROBERT McCARTER,                           :
                      Plaintiff,           :    19 Civ. 1589
                                           :
       -against-                           :
                                           :    COMPLAINT AND
THE CITY OF NEW YORK, POLICE               :    JURY DEMAND
COMMISSIONER JAMES P. O'NEILL, NEW YORK    :
CITY POLICE OFFICER ROSANNA ESPINAL,       :
Shield No. 23019, and NEW YORK CITY        :
POLICE LIEUTENANT DARYL L. MELHADO,        :
Shield Unknown,                            :
                                           :
                      Defendants.          :
                                           :
-------------------------------------------X
```

Plaintiff, by his attorneys, ROTHMAN, SCHNEIDER, SOLOWAY & STERN, LLP., alleges as follows:

PRELIMINARY STATEMENT

1. This is an action for damages sustained by a citizen of the United States of America against employees of the New York City Police Department who violated the civil and constitutional rights of the plaintiff by falsely arresting and imprisoning him on March 8, 2018; against the Commissioner of the New York City Police Department, JAMES P. O'NEILL, the official responsible for the training and supervision of New York City Police Officers, and for his individual failure to take corrective action and to implement meaningful procedures to prevent generally unlawful and unconstitutional conduct by police officers against citizens; and against the CITY OF NEW YORK, which is sued as a person pursuant to 42 U.S.C. § 1983.

## JURISDICTION

2. Plaintiff institutes these proceedings and invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1343 to obtain costs of suit, including reasonable attorney's fees, and to recover damages suffered by plaintiff and caused by defendants' violation of his rights as guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and by federal statutory law, particularly 42 U.S.C. § 1983.

3. This Court also has jurisdiction of this action pursuant to 28 U.S.C. § 1331 in that the matter in controversy arises under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States.

4. The violation of plaintiff's rights alleged herein occurred within the City, County, and State of New York.

## PARTIES

5. Plaintiff, ROBERT McCARTER, is a citizen of the United States of America and was at all times relevant herein an individual residing in the City and State of New York, County of Bronx, with his residence address located at 1749 Grand Concourse, Bronx, New York 10453.

6. Defendant, JAMES P. O'NEILL, is the duly appointed, qualified, and acting Commissioner of the New York City Police Department. As such, he is the highest supervisory official of the New York City Police Department and is responsible for the training

and supervision of police personnel. He is also responsible for enforcing the regulations and policies of the New York City Police Department and for ensuring that New York City Police Department employees obey, employ, and implement regulations and policies. At all relevant times, he was acting in his capacity as an agent, servant, and employee of the defendant City of New York. He is sued individually and in his official capacity.

7. Police Officer ROSANNA ESPINAL and Lieutenant DARYL L. MELHADO are employees of the New York City Police Department and at all relevant times herein were acting in the capacity of an agents, servants, and employees of the defendant, CITY OF NEW YORK. They are each sued individually and in their official capacity.

8. Defendant, CITY OF NEW YORK, is a municipal corporation organized and existing pursuant to and by virtue of the laws of the State of New York.

9. At all times relevant herein, the defendants, ROSANNA ESPINAL and DARYL L. MELHADO, and their agents, assistants, and employees, acted pursuant to the policies, regulations or decisions officially adopted or promulgated by agents of the New York City Police Department, whose acts may fairly be said to represent official policy or governmental custom of the New York City Police Department and the CITY OF NEW YORK.

FACTUAL ALLEGATIONS

10. On March 8, 2018 at approximately 5:25 P.M., ROBERT

McCARTER, while working at his job as a parking assistant for a production company, was arrested in the vicinity of East 99th Street and First Avenue in Manhattan by officers of the New York City Police Department, including ROSANNA ESPINAL and DARYL L. MELHADO.

11. Upon information and belief, plaintiff, ROBERT McCARTER, was arrested on the grounds that he was allegedly driving a motor vehicle without a valid New York State driver's license.

12. In truth and in fact, however, plaintiff, ROBERT McCARTER, at the time of arrest was in physical possession of a valid "restricted use license" which had been duly issued to him by the New York State Department of Motor Vehicle and which unambiguously authorized him to drive while working.

13. Plaintiff, ROBERT McCARTER, both displayed and verbally informed the arresting NYPD agents about his restricted use license and consequent unambiguous privilege to drive, but they arrested him nevertheless.

14. Defendants, ROSANNA ESPINAL and DARYL L. MELHADO lacked probable cause to arrest the plaintiff, ROBERT McCARTER, and lacked probable cause to initiate a prosecution and to continue a prosecution against him.

15. In spite of the fact that he had committed no crime, and the fact that the officers who arrested him, including ROSANNA ESPINAL and DARYL L. MELHADO, knew or should have known that he

committed no crime, plaintiff was arrested and charged with Aggravated Unlicensed Operation of a Vehicle, Unlicensed Driving, and Unlawful Possession of Marijuana.

16. As part of the arrest process, plaintiff was handcuffed, searched, detained, fingerprinted, photographed, and criminally charged. Plaintiff was forcibly transported in handcuffs from the public street to a Police Precinct and then to Cental Booking and remained in custody approximately 30 hours.

17. Upon information and belief, the case against the plaintiff, ROBERT McCARTER, remained pending until concluding in the plaintiff's favor by dismissal of all charges upon motion of the District Attorney's Office on June 19, 2018.

18. As a direct and proximate result of the aforesaid acts of the defendants, the plaintiff has suffered and will continue to suffer injuries, including, but not limited to, pecuniary injury, loss of liberty, and emotional anguish.

**FEDERAL CAUSES OF ACTION**

FALSE ARREST AND IMPRISONMENT PURSUANT TO 42 U.S.C. § 1983

19. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "18" with the same force and effect as if fully set forth herein.

20. As a result of defendant's aforesaid conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and was taken into custody and caused to be falsely

imprisoned, confined, incarcerated and prosecuted in criminal proceedings, without probable cause and without his consent.

21. As a result of the foregoing, plaintiff's liberty was restricted for a period of time, he lived in fear of conviction and further and extended imprisonment, suffered economic loss, psychological injury, and loss of liberty.

22. The above described actions and omissions, engaged in under color of State law by the defendants, including defendant CITY OF NEW YORK, deprived the plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, his Fourth and Fourteenth Amendment right to bodily integrity, and to be free from false arrest, unlawful imprisonment, and unlawful seizure of his person.

## MALICIOUS PROSECUTION PURSUANT TO 42 U.S.C. § 1983

23. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

24. Collectively and individually, defendants including ROSANNA ESPINAL and DARYL L. MELHADO, misrepresented and falsified evidence before prosecutors in the New York County District Attorney's office.

25. Collectively and individually, defendants ROSANNA ESPINAL and DARYL L. MELHADO, did not make a complete, full, and correct statement of material facts to prosecutors in the District

Attorney's office.

26. Collectively and individually, defendants ROSANNA ESPINAL and DARYL L. MELHADO, withheld exculpatory evidence from prosecutors in the New York County District Attorney's office.

27. Collectively and individually, upon information and belief, defendants ROSANNA ESPINAL and DARYL L. MELHADO, misrepresented, omitted, and falsified evidence.

28. Collectively and individually, ROSANNA ESPINAL and DARYL L. MELHADO, did not make a complete, full and correct statement of facts to New York County District Attorney's Office.

29. Collectively and individually, defendants ROSANNA ESPINAL and DARYL L. MELHADO, withheld exculpatory evidence from the New York County District Attorney's Office.

30. Collectively and individually, defendants ROSANNA ESPINAL and DARYL L. MELHADO, were involved in the arrest and initiation of criminal proceedings against plaintiff, ROBERT McCARTER.

31. The defendants lacked probable cause to initiate criminal proceedings against plaintiff.

32. Collectively and individually, defendants ROSANNA ESPINAL and DARYL L. MELHADO, acted with malice in initiating criminal proceedings and arresting plaintiff.

33. The defendants lacked sufficient legal cause to continue criminal proceedings against plaintiff ROBERT McCARTER.

34. The defendants acted with malice in continuing criminal

proceedings against plaintiff for in excess of three months.

35. The defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

36. Notwithstanding the unlawful and malicious actions of the defendants, all criminal proceedings were terminated in plaintiff's favor on June 19, 2018, when the charges were dismissed.

37. As a result of the foregoing, plaintiff has been subjected to a baseless prosecution, his liberty was restricted for a period of time, he was put in fear for his safety, he was physically and emotionally injured, and suffered economic and psychological damage.

<u>DENIAL OF DUE PROCESS AND A FAIR TRIAL - 42 U.S.C. § 1983</u>

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

39. Collectively and individually, the Defendants conspired to present false information to the New York County District Attorney's Office, and to the New York City Criminal Court in support of their baseless criminal claims against Plaintiff.

40. Among other actions, the Defendants fabricated evidence against Plaintiff by knowingly misrepresenting the contents of evidence that would be likely to influence a tribunal's decision.

41. The material evidence, upon which the police purported to rely in arresting the plaintiff, was knowingly false and did not

support any search of the automobile in which the defendant was sitting, nor any arrest or prosecution. However, the Defendants presented it as the truth, and prepared police reports in which they falsely stated that the evidence supported their factual claims and charges, ignoring completely the defendant's absolute and fully documented privilege to drive.

42. Defendant ROSANNA ESPINAL also prepared and signed a criminal complaint in which she stated that the defendant committed the crimes of Aggravated Unlicensed Operation of a Vehicle and Unlicensed Driving knowing these charges to be based on material falsehoods.

43. Furthermore, upon information and belief, ROSANNA ESPINAL and DARYL L. MELHADO, presented materially false information and sworn statements about what occurred at the location of the arrest of the Plaintiff.

44. Defendants knew that the false statements and misrepresentations of evidence contained in police reports, and the criminal complaint would be relied upon by the New York County District Attorney's Office.

45. Defendant's ROSANNA ESPINAL and DARYL L. MELHADO knew that their false and perjured misrepresentations of the evidence would be relied upon by the New York County District Attorney's Office.

46. Defendants knew that their falsification of evidence

would be relied upon the Kings County Criminal Court in making determinations about Plaintiff's prosecution.

47. Absent the Defendants' falsification of material evidence that was likely to influence a jury's decision, Plaintiff would not have been unlawfully arrested and deprived of his liberty for a period of time, and prosecuted for more than three months.

## CAUSE OF ACTION AGAINST
## POLICE COMMISSIONER AND MUNICIPALITY

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants CITY OF NEW YORK and JAMES P. O'NEILL knew or should have known of the propensity of named police officers to engage in the illegal and wrongful acts detailed above and/or as a matter of policy and practice, have with deliberate indifference, failed to take steps to uncover and/or correct such conduct. Upon information and belief, defendants CITY OF NEW YORK and JAMES P. O'NEILL had prior notice of the propensities of the named officers, but took no adequate steps to train them, correct their abuses of authority, or to discourage their unlawful use of authority.

50. Acting under color of law, by and through the policy-makers of the CITY OF NEW YORK, and pursuant to official policy or custom and practice, the CITY OF NEW YORK intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the

inhabitants of the CITY OF NEW YORK, failed to effectively screen, hire, train, instruct, supervise, control and discipline, on a continuing basis, their police officers, including the defendant police officers herein, for their unlawful propensity, including fabricating criminal charges and falsely swearing to criminal complaints against citizens; and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the individual defendants herein to be in a position to cause plaintiff injury and violate plaintiff's federal and state constitutional rights, and/or to permit these actions to take place without plaintiff's knowledge or consent.

51. On information and belief, the defendant police officers herein have been the subject of prior civilian and departmental complaints of misconduct that gave notice to, or should have given notice to, the defendant CITY OF NEW YORK and the New York City Police Department that the defendants herein were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the plaintiff herein. The CITY OF NEW YORK had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or unconstitutional acts were going to be committed. Defendant CITY OF NEW YORK had the power, authority and duty to

prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, recklessly or with deliberate indifference to the rights of the inhabitants of the CITY OF NEW YORK, failed to do so.

52. On information and belief, defendant CITY OF NEW YORK and the New York City Police Department maintained an inadequate structure for risk containment and stress management relative to its police officers, and failed to create proper means of containing such risk and managing such stress. On information and belief, such structure was deficient at the time of selection of police officers, and thereafter during their employment, in its ability to evaluate and exchange information within the command structure about the performance of individual police officers; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer; and in its ability to otherwise put the command structure on notice that an individual or individuals were at significant levels of risk to the public at large or to specific segments thereof. The effect of this was to permit police officers of the New York City Police Department to function at levels of significant and substantial risk to the public in general.

53. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK and the New York City Police Department have permitted and allowed the

employment and retention of individuals as police officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of violent or racially motivated behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and are otherwise a direct and proximate cause of the injuries to plaintiff, ROBERT McCARTER.

54. As a result of the foregoing, plaintiff was deprived of liberty, sustained emotional injuries, was subject to humiliation, and was otherwise harmed, damaged and injured.

### NEGLIGENT HIRING, SCREENING, RETENTION SUPERVISION AND TRAINING

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. The defendant CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants ROSANNA ESPINAL and DARYL L. MELHADO. The acts and conduct of the defendants were the direct and proximate cause of damage to plaintiff, ROBERT McCARTER, and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York, and as defendant CITY OF NEW YORK is the employer of defendants ROSANNA ESPINAL and DARYL L. MELHADO, the CITY OF NEW YORK is liable to plaintiff for negligent hiring, screening, retention, supervision and training.

57. As a result of the foregoing, plaintiff was deprived of liberty, was subject to great humiliation, and was otherwise harmed, damaged, and injured, all to his damage in the amount of THREE HUNDRED THOUSAND ($300,000.00) Dollars.

## PUNITIVE DAMAGES CLAIM

58. As a result of the extreme, wanton, and outrageous nature of the conduct of the defendants ROSANNA ESPINAL and DARYL L. MELHADO, in, among other things, arresting the plaintiff without cause or reason and maliciously prosecuting plaintiff, the plaintiff is entitled to punitive damages in the amount of ONE MILLION ($1,000,000.00) Dollars.

## RESPONDEAT SUPEREOR LIABILITY

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. At all times relevant herein, the defendants ROSANNA ESPINAL and DARYL L. MELHADO, were acting within the scope of their employment as officers and agents of the New York City Police Department.

61. The CITY OF NEW YORK is liable for compensatory and exemplary damages under the doctrine of respondeat supereor or is liable to indemnify the individual defendants pursuant to provisions of the General Municipal Law for the tortious and unlawful acts of defendants ROSANNA ESPINAL and DARYL L. MELHADO,

committed within the scope of their employment.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff for appropriate compensatory damages on plaintiff's federal claims;

B. In favor of plaintiff on his Negligent Hiring Claims in the amount of Three Hundred Thousand ($300,000.00) Dollars;

C Awarding plaintiff punitive damages against defendants ROSANNA ESPINAL and DARYL L. MELHADO in the amount of One Million ($1,000,000.00) Dollars;

D. Pursuant to 42 U.S.C. § 1988 awarding plaintiff the reasonable attorney's fees, interest, costs and disbursements of this action; and

E. Granting such other and further relief as this court deems just and proper.

<u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

Dated: New York, New York
February 20, 2019

                            ROTHMAN, SCHNEIDER,
                               SOLOWAY & STERN, LLP
                            Attorneys for Plaintiff
                            100 Lafayette Street
                            New York, New York 10013
                            (212) 571-5500

                      By: _____
                            ROBERT A. SOLOWAY